Good morning and welcome to the Ninth Circuit. I'm Michelle Freedland and Judge Bivey and Judge Miller and I are very happy to be here in Alaska and we welcome you all this morning. Thank you for coming. We have some cases that are submitted on the briefs today. United States v. Griffin 23-774 is submitted on the briefs and United States v. Vallely 23-30019 is submitted on the briefs. We'll hear the other cases in the order in which they appear on the calendar. The first is United States v. Cody 23-30011. Each side will have 10 minutes. Good morning. Mr. Zeal arguing on behalf of Mr. Cody. Justice Freedland, Justice Bivey, and Justice Miller, may it please the court and counsel. Right out of the gate I need to correct a couple of mistakes that I found in my briefing as I was preparing for this argument. I do so both as an officer of this court and I also do it because I think it goes to the heart of what I think is the most critical issue in this case and that is the second motion to withdraw the guilty plea that we filed and so I just want to be really clear. My reply brief, first of all, incorrectly suggested there was no hearing on the second motion to withdraw the guilty plea. That, as I'm sure the court caught, is inaccurate. There was a short hearing just prior to sentencing and we were allowed some short time to argue that. However, it is correct that we were not afforded an argument after the first motion to withdraw the guilty plea so I need to correct that for the court and apologize. The other thing that I need to correct for the court that I think is more critical is in both of my appellate briefs I did indicate that Mr. Cody had spoken with his previous counsel about the warrant issue and affidavit in support of the warrant and I'm not sure how I got my wires crossed but I ended up, kind of with the help of an associate and I didn't fully catch it, is we had put in there that at one point he had approached his previous counsel about if there was any legal issues with respect to the warrant and affidavit and we had made a statement in the briefing along the lines of there's nothing, drop the issue and that's not correct. What I had argued in the second motion to withdraw the guilty plea is true and correct and that's what Mr. Cody had an opportunity to review and in that what I had said is I asked Mr. Cody if he had received all of his discovery, or excuse me, I had said to him that, or he said that if he was placed under oath he would state that he wrote a letter to his previous counsel asking whether there was any basis to challenge the warrant in the case and Mr. Cody testified that his previous legal counsel never addressed the issue and then based on that belief when I came on Mr. Cody expressly asked me to work on the issues that you see in the motion to dismiss and I take responsibility for my role in this mistake that's happened and I want to acknowledge that to the court right now. I also... Sorry, I guess I'm a little bit confused about what you're saying though. Are you now saying that he did discuss, because I think your reply brief said that he was originally advised by counsel that there were no issues with the search warrant and to drop the issue. Are you saying that's correct or not correct? That's not correct, Your Honor. What's correct is that he had written a letter to his previous counsel asking if there was a warrant and to be clear he'd never seen that and he was asking was there a warrant, are there any issues with it and he never heard back from his previous counsel. So you're saying he didn't get advice to drop the issue. So that means he doesn't have a claim about getting bad advice anymore. That's what you're saying. Well, I think, going to the heart of the issue, when you look at the McTiernan and you look at the Mayweather decisions, this really comes down to the question of is this case more akin to one or the other and I'd argue it's more akin to McTiernan because the fact of the matter is at the time he entered his guilty plea he thought in his mind that all of his pretrial remedies had been exhausted and the reason why he thought that is first counsel was silent on the issue and then, and again I'm acknowledging my role in it, I did not discuss that with him and so he did not have all the adequate information available to him at the time of his guilty plea. So I'm arguing that this is akin to he just didn't know and it wasn't, he just had inadequate advice is what the McTiernan and also what the Mayweather decision talk about and what the Mayweather decision turned on is there was adequate advice in that case and in this particular case it's just silent. Mr. Cody didn't know. So that's the argument. Does that make, does that clarify it for the court? I guess you're saying he didn't get any advice instead of he got bad advice? I'm saying that he got inadequate advice which is the language that is found in both McTiernan and Mayweather. Are you suggesting that he got ineffective assistance of counsel at that point? So I've given that a lot of thought your honor and the answer to that is I don't know because and this goes into another question and I'm not trying to play games. At this point counsel that's probably not fully developed on the record and probably not before the court, probably not worth your time right now. You're going to have to file a habeas matter in order to explore that. So that doesn't sound like that's a profitable line for you to argue. Well I agree your honor and the one thing I just want to add to it is the judge at the end of that short hearing on the second motion to withdraw, I quote verbatim he said, all right I'm denying the request, saving your exception. There was absolutely no analysis and so we don't have any type of factual basis whatsoever to know why that was even, why we even had the ruling we had. So we don't know whether there's ineffective assistance of counsel. We don't know anything but I am submitting to this court that there was an abuse of discretion there and that Mr. Cody was entitled to some sort of reasoned decision explaining why this case, the judge obviously felt like it was closer to the Mayweather decision but we don't know why the judge felt that way and at a minimum he's entitled to some sort of analysis on that issue. Before you run out of time could you say a bit about the sentencing issue that you've raised and maybe start by just clarifying, you are challenging or is it correct that you are challenging only the substantive reasonableness of the sentence and you have not made any argument for procedural unreasonableness or any challenge to the adequacy of the district court's explanation for the sentence? So I think you're correctly characterizing the briefing and one thing that I came to correct with the court today or to emphasize is we do have an issue with the procedural portion of it because although the judge identified the section 3553A factors at the beginning of the sentence, when he was done he just simply pronounced sentence and he didn't analyze at all how the sentence was necessary but not more than what was required to meet the rule 3553A factors. And so to be clear with you, your honor, we're absolutely challenging the procedural aspect of that and that's part of why we're saying that there was also an abuse of discretion there because we have no idea how Mr. Cody's sentence is tailored within those factors. I guess it wasn't clear to me that that was developed as a separate argument and as a distinct argument in your brief as opposed to just the substantive reasonableness of 80 years. Do you have anything to say to address that? Obviously the record submitted and I would need to double check. I thought we had talked about how we thought it was an abuse of discretion and I suppose I'm asking in a way for this court to bootstrap that in and talk about how there was procedural abuse by us invoking the fact that there was an abuse of discretion. But I have to agree with you, your honor, that argument should have been developed more fully and it is an issue that we're asking this court to address. Supposing it to be presented to us, we have said that when the court sentences within the guidelines or when the court sentences well below the guidelines, not a whole lot of explanation is necessary and we've reviewed the PSR. What more did the district court really need to say in your view? I think that's exactly what the case law says and I can't sit here and argue against that, your honor. What I can tell you, if I may, I understand in that issue in isolation, I have to concede that point to the court as an officer of the court. But when you look at... Which point are you conceding? The fact that that point in and of itself, the court's correct that we don't have to, there doesn't have to be a lot of reasoning, but you look at the sentence on top of the on the second motion to withdraw, I would argue to the court and I'm going to show a quick pattern here. On the motion to dismiss, it was a very cursory brief that we received and our issues weren't addressed substantively. On the first motion to withdraw the guilty plea, same thing. We just received a cursory brief and... A cursory order? Yes, a cursory order. Thank you for correcting me, your honor. And then we see, we were promised a hearing by the original district court judge. That was taken away. We had lined up a public defender. And I've got 10 seconds left, but it's an overall pattern that we see here that this record wasn't fully fleshed out. Mr. Cody doesn't really know what the basis of all these rulings are. I am out of time. I'll give you a minute for rebuttal, but let's hear from the government. Thank you, your honor. May it please the court, counsel. My name is David Robbins and I have the privilege of representing the United States in this matter. To begin, your honor, I would like to address where you somewhat left off in questions regarding a procedural challenge to the subsentence as opposed to a substantive challenge. In this case, I do not see the defendant having raised procedural error at all. The only case cited in the defendant's brief was United States v. Brown, a 2019 case out of the Sixth Circuit that talks about substantive unreasonableness. In his analysis underneath that case, he talks about how the judge had no, well, he was sentenced for a production of child pornography, not actual hands-on offense. Therefore, it was disproportionately unreasonable. No challenge to procedure at this point. So I would consider that not appropriately before the court. So with that, I would submit on that. I'm just supposing for a moment that we were to disagree with you on that. We have here the district court ordering the defendant to die in prison with an 80-year sentence. And when I look at the PSR, there seems ample justification for that in terms of the defendant's conduct. But the only explanation we have from the district court is a half-sentence pro forma citation to 3553. Do you think that's appropriate for the district court to give so little explanation for such a significant sentence? I'll do my best to reason from the hip, Your Honor, because I was not prepared to argue proceduralness. As the government stated, we view this as substantive. But my response to that would be yes, it would be appropriate. As the court recognized, this was a below-guideline sentence. It was originally 140 years, as was called from. Eight years is a significant departure, particularly on this type of crime. Second off, it wasn't just a sentence. They had the benefit of sentencing memorandums from the defendant, from the government, objections to the PSR, objections that were addressed. No objections to the factual conduct. And, of course, a statement of reasons issued accordingly. So I do believe that due process and procedural reasonableness can be defended on this record as I know it. Without taking a deeper dive into the case law, that would be my instinctual response to Your Honor's question. Turning next to what I also think to be— Is it, in your experience—I realize the judge in this case was not from the District of Idaho, but was visiting or is sitting by designation in Idaho. Is this a common practice in sentencing, in your experience, to get explanations that are this— I think perfunctory is not an inappropriate description of it. It varies a lot from judge to judge and circumstance to circumstance, Your Honor. If we're doing a credit for time served with a stipulated sentence on a 1326, barely anything is mentioned at all. But, of course, if it is a high-conflict resolution case, we will see a lot more coming from the bench in terms of background characteristics, a full analysis under the 3553A factors. If I were to answer you honestly, I typically do see more analysis, Your Honor, than just simply a reference to 3553A. I do know in some jurisdictions that is practice. Not that I'm arguing that this Court changes practice, but in some circuits saying I reference the 3553A factors is enough procedurally to satisfy. I don't believe that's the case in the Ninth Circuit. Like I said, Your Honor, I've seen varying practice, but I have seen more typically given. Thank you. Moving on to the next issue, Your Honor, that I identify as being a big one in this case is whether or not the defendant can grant relief or that the judge was wrong to deny the motion to withdraw the guilty plea. Your Honor, in this particular case, the standard of review for this issue is going to be abuse of discretion with clear error applied to any under-factualizing analyses. Defense counsel and I have brought to you many cases touching on motions to withdraw pleas. The big cases we have brought to you are Davis, Mayweather, and McTiernan because they do touch on ineffective or inadequate representation of counsel. However, there are several other cases that are providing analysis points that I do think bear on this particular case. And all those cases are in the brief. They are Jones, they are Hyde, they are Ortega-Ascanillo, and they are Ruiz, and they are Nostradas. When we look at all those, when we evaluate under 11D2B, whether or not a defendant can withdraw a plea, he has to present a fair and just reason. Now the commentary to that guide in that particular rule, and as is recognized in our case law in Ortega-Ascanillo, is there are several factors to address. It is not a scientific or a mechanical analysis. We look at the timing. We look at the persistence of a competent counsel before the defendant. We look at protestations of innocence. And, of course, we look at the reasons for wanting to withdraw the plea. Now, in analyzing that in the Ninth Circuit, there have been several rules that have developed. First off, the defendant bears the burden. Typically, reasons to withdraw pleas reflect ineffective plea colloquies, newly discovered evidence, intervening circumstances, or any reason that is fair and just but unknown to the defendant at the time he entered his plea. And when we apply all those rules to this case, I do not believe that the judge in any way abused his discretion. The first thing I'd like to point out is the timing. The defendant received the search warrant that he challenges, in this case, the day after his arraignment on December 10th in discovery. So between receiving the warrant that he complains on and filing the motion to withdraw, he had that warrant for one year and five months and some days. Between having the warrant and the change of plea, he had it for 301 days. Between the change of plea and filing the motion to withdraw, he had it for seven months. Between the PSR and the motion to withdraw the plea, the first one, he had it for five months. That timeline weighs against finding a fair and just reason. The other factor that I believe weighs in this analysis is the continuity of counsel. Defense counsel was present with the defendant throughout the entirety of the proceedings. He had the benefit of this particular counsel prior to the change of plea for six months on his case. The warrant was six pages out of 186 pages of discovery. It could have been read. But this is indistinguishable from Davis, Mayweather, and McTiernan, in which it was post-plea the defendant acquires new counsel and identifies an error with prior counsel. So in some ways that renders this case an apposite. But really that leads into the third and the major point, which were the reasons for the defendant wanting to withdraw his plea. I'm kind of glossing over the big reason, which was they're pointing out the Hilley decision. Hilley to the government is a non-factor in this case because a subsequent case developed. It was distinguished under the Mendez decision. Of course, Bohm, the subsequent decision, has rendered that case just not applicable in this circuit. So really we're focusing on the suppression issue for the warrant. In the defendant's pleadings, he presented the reasons for why he wanted to withdraw the plea. At excerpts of record 47 in the first motion to withdraw, defense counsel stated the reason he wanted to withdraw, which was corrected today, was that the defendant broached the issue of suppression with the defense lawyer, but that he dismissed it. In the second motion to withdraw at excerpts of record 23, it changes a little bit. It says that he approached it with counsel, but counsel didn't respond. And then in supplemental excerpts of record 007 at the actual sentencing hearing, when oral argument was presented to the court, counsel represents to the court that he assumed, based on counsel's silence, that he didn't have a suppression issue. Well, that is critical because the defendant knew about the suppression issue, which puts this firmly in the Mayweather case, not in the McTiernan case. In the McTiernan case, the defendant had no idea about the suppression issue until after sentencing. Here, the defendant knew about a suppression issue prior and assumed there was not a problem, and the defendant should be held accountable for that assumption and that decision. I'm running short on time, but in trying to come up with this, I was thinking about going to a doctor. If I go to a doctor and complain that my knee hurts, and I go, what's causing this, and he stares at me blankly, I get mad because he doesn't diagnose me, and I leave the room. I go to a second doctor, and I walk in. He's like, what's bothering you? Well, it's my elbow. I assume my knee is healthy because the prior doctor didn't diagnose or say anything. That's not med mal for the second doctor. That is a decision by the patient not to cooperate with second counsel. But the point is the defendant was aware, and the defendant assumed, and he needs to be held liable for that assumption. The fourth issue I would bring before the court is there was no suppression error anyway. I'm sorry, Your Honor. Do you think there's any validity to the suppression concept here? There's avenues of attack in any warrant, especially when it comes to digital search and seizure because it's a search within a search. Particularity is very much context-based on could the government have been any more precise. There may be, even if there's a technical issue with the warrant, the good faith exception that applies, but that was never litigated before the district court, nor is it right for consideration here because the defendant, aware of the suppression issue, chose to tell his lawyer to focus on the motion to dismiss the indictment and by implicature went away from that argument on his own assumption. The next issue I would raise, too, is there was absolutely no issue in terms of a sea change in law. The concepts of particularity, over-breath, brute-face attacks on probable cause, those have been developed for decades, so we're not talking about a change kind of like comprehensive drug testing or something that changed actual meritus suppression issues for warrants, so therefore there was no intervening circumstance and the judge did not abuse his discretion in his order finding that. Lastly, too, is I urge the court to analyze this a little bit atomistically and granularly. Defense counsel has put the search warrant before this court in the excerpts of record. The district judge at the district level never had that. In the first motion to withdraw, there's two paragraphs, and it simply says there's a suppression issue. We want to raise it without any analysis, without any meat, without a copy of the warrant. He bears the burden under Davis to bring forth those fair and just reasons, and, of course, it's to be liberally construed, and he doesn't have to prove that the motion would be successful. He doesn't have to prove that he's actually innocent, but he has to do more than just simply assert in a paragraph there's a problem, and that's all he did. So when the court made its decision, there was no fair and just reason present. With that, I see my time has expired. I respectfully submit I ask that you affirm the conviction. Thank you. We have a minute for rebuttal. Thank you. The bottom line here I think goes to what Justice Miller said, is we're talking about an 80-year sentence, that Mr. Cody's in his 40s, he will die in prison. All we're asking for is for these issues to be fully fleshed out. These are real issues that we've discussed. I'm not going to go rehash them. But in McTiernan, the court found that given the circumstances, it was appropriate to have a full evidentiary hearing. That's what we're asking for here is a full evidentiary hearing. This is not ideal. I've acknowledged my role in this, but the bottom line is it was a perfect storm. You had two defense attorneys, and it was a situation on this very critical issue. Unfortunately, the left hand didn't know what the right hand was doing. All we're asking is to flesh this out. There are so many factual issues. I have nine seconds left. But even going to the Healy decision, yes, it's been distinguished by this court, but it's still a fact-driven analysis, and we didn't get that. We haven't had that in any of the decisions. So we ask that the court just send it back, and let's develop the record fully. Thank you, both sides. This case is submitted.
judges: BYBEE, FRIEDLAND, MILLER